**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IRA STONE on behalf of himself and all**
**other employees similarly situated,**

**Plaintiff,**

**-vs-**                                                        **Case No.  6:06-cv-1086-Orl-31KRS**

**CRISPERS RESTAURANTS, INC., and**
**PUBLIX SUPER MARKETS, INC.,**

**Defendants.**

---

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 6) filed by Defendant

Crispers Restaurant, Inc. ("Crispers").  In resolving the instant motion, the Court has also

considered the response (Doc. 23) filed by the Plaintiff, Ira Stone ("Stone"), and the reply (Doc.

35) filed by Crispers.

**I.      Background**

Stone filed the instant complaint as a class action, contending that he was employed by

both Defendants, most recently as an assistant manager.  (Doc. 1 at 6).  Stone has identified three

classes that he proposes to represent – managers in training, assistant managers, and employees

subject to salary deductions.  (Doc. 1 at 4).  He contends that the Defendants refused to pay

overtime to members of the first two classes that worked more than forty hours in a week.  (Doc. 1

at 6-7).  He contends that members of the third class did not receive their guaranteed salaries, due

to deductions.  (Doc. 1 at 7).  Stone contends that the Defendants' actions: violated the Fair Labor

Standards Act ("FLSA") (Count I); violated unspecified wage-related laws of Alabama, Florida, Georgia, South Carolina, and Tennessee (Count II); and breached contracts under laws of those same states (Count III).

There is no suggestion in the Complaint that Stone ever resided or worked in any state other than Florida. As such, he lacks standing to bring wage claims or contract claims under the laws of Alabama, Georgia, South Carolina or Tennessee. Relying on *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), the Plaintiff contends that any review of his standing to sue is premature before the Court decides whether to certify a class.

*Ortiz*, an asbestos case, involved a mandatory class action settlement proceeding under the so-called limited fund provisions of Rule 23(b)(1)(B). *Id.* at 830. Before the Supreme Court, the plaintiffs contended that Fibreboard Corp. had merely "feigned" the action to limit its future liability. *Id.* They argued that the claims were nonjusticiable, because the bulk of the class members had only "suffered" exposure to asbestos, not an injury in fact, and therefore they lacked standing to sue. *Id.* at 831. The Plaintiffs also argued that the classes, as certified, did not satisfy the commonality and typicality requirements of Rule 23(a). *Id.* The Court acknowledged that, generally, issues of jurisdiction (such as standing) must be addressed before the merits of the dispute. *Id.* However, the Court noted that in this particular case the class certification issue was "logically antecedent" to the Article III standing issue, in that the standing issue would not exist but for the class certification. *Id.* (citing to *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)). In addition, the class certification issue itself pertained to the question of statutory standing, which may properly be treated before Article III standing. *Id.* As such, the Court

determined it was proper to address the class certification issue prior to the Article III standing

issue. *Id.*

In sum, contrary to the Plaintiff's claim, the Supreme Court did not hold in *Ortiz* that a

district court "cannot address standing issues until after it has ruled on the plaintiffs' request for

class certification." (Doc. 23 at 8). Rather, the Court held that when an Article III standing issue

arises only because of a class certification, it may be appropriate to decide the class certification

issue first. Needless to say, that is not the situation in the instant case, where the issue is that the

putative class representative *himself* lacks standing.

In addition to lacking standing to sue under the laws of other states, Stone has failed to

specify the Florida wage law that was allegedly violated by the Defendants' activities. In his

response, Stone points to Florida Statute § 448.01, which provides that

> (1) Ten hours of labor shall be a legal day's work, and when any person employed to
> perform manual labor of any kind by the day, week, month or year renders 10 hours
> of labor, he or she shall be considered to have performed a legal day's work, unless a
> written contract has been signed by the person so employed and the employer,
> requiring a greater number of hours of labor to be performed daily.

> (2) Unless such written contract has been made, the person employed shall be
> entitled to extra pay for all work performed by the requirement of his or her
> employer in excess of 10 hours' labor daily.

The statute was held to be unconstitutionally vague by the court in *Posely v. Eckerd Corp.*,

433 F.Supp.2d 1287 (S.D.Fla. 2006) (holding that lack of definition of "manual labor," absence of

standard for calculating proper amount of "extra pay," and lack of judicial interpretation or

clarification for 130 years rendered statute unenforceably vague). The only other reported decision

to have construed the statute in any detail also suggested the statute was unconstitutional. *Quaker*

*Oats Co. v. Jewell*, 818 So. 2d 574, 575 n.2 (noting that "strong argument" could be made that statute was unconstitutionally vague but that such analysis was beyond scope of instant case).

Even if the Plaintiff had specified Florida Statute § 448.01 in his complaint, which he did not, the Court would nonetheless grant the motion to dismiss on this point as the Plaintiff has not stated a claim under that (likely unconstitutional) statute.  In his Complaint, Stone complains about not being properly paid for working more than 40 hours in a week, not for working more than 10 hours in a day.

As to the breach count, Stone has failed to identify any contract to which he and the Defendants were parties; there is no suggestion in the Complaint that he was ever anything other than an at-will employee.  Stone argues that he and the Defendants were operating under an oral employment contract that incorporated an obligation to abide by "all legal requirements" – and that, therefore, any violation of the law is also a breach of the contract.  (Doc. 23 at 5-6).  Under Florida law, contracts may impose obligations beyond their express terms.  *See*, *e.g.*, *Heredia v. Safeway Trails, Inc.*, 369 So. 2d 418 (Fla. 3d DCA 1979) (holding that bus ticket was a written contract that necessarily contained an implied obligation to transport passenger in a reasonably safe manner, and thus statute of limitations for action on written contract applied to instant suit).  But the obligation that Stone seeks to impose by implication here – *i.e.*, an obligation to abide by every state and federal statute – are totally unlike those imposed in the cases he cites.

Finally, the Court notes two pleading issues.  Stone's claim that members of the "Salary Deduction Class" were subject to a salary deduction that reduced their pay and resulted in them "not receiv[ing] their predetermined salaries when due on a guaranteed basis" (Doc. 1 at 8) is so

vague as to defy a response.  And Stone's slipshod pleading style incorporates each cause of action into those succeeding it, leading to nonsensical results in the second and third counts:  Count II includes allegations that the Defendants violated the FLSA, and Count III includes allegations that the Defendants violated the FLSA and various states' wage laws.  The Court is compelled to dismiss this sort of shotgun pleading.  *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the  Motion to Dismiss (Doc. 6) filed by Defendant Crispers Restaurant, Inc. is **GRANTED IN PART** and **DENIED IN PART**.  Counts II and III are **DISMISSED WITHOUT PREJUDICE.**  Otherwise, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 3, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party